Scott E. Ortiz, WSB #5-2550
David E. Shields, WSB #7-4718
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Suite 400
P.O. Box 10700 (82602)
Casper, Wyoming 82601
Telephone:        307-265-0700
Facsimile:         307-266-2306
Email:               sortiz@wpdn.net
                          dshields@wpdn.net

*Attorneys for Manos Zouridakis*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MARK and TRESSA NELSON, Wrongful Death Representatives for the Estate of EMMA DELENE NELSON, and KYLE and CHRISTINA BOWERS, Wrongful Death Representatives for the Estate of KOREY BOWERS,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>McLANE COMPANY, INC., a corporation, TRANSCO, INC., a Nevada corporation, CONAN FERGUSON and MANOS ZOURIDAKIS,<br><br>　　　　　　　　　　　　Defendants. | Case No. 22-CV-166-KHR |

**DEFENDANT MANOS ZOURIDAKIS'S MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant Manos Zouridakis (hereinafter "Defendant" or "Mr. Zouridakis"), by and through his undersigned counsel, and hereby moves to dismiss Plaintiffs' *Complaint* and/or for a partial judgment on the pleadings pursuant to Rules 12(b) and 12(c) of the FEDERAL RULES OF CIVIL PROCEDURE. In support of his *Motion*, Mr. Zouridakis states as follows:

## I.  INTRODUCTION

This case arises from a fatal collision at the intersection of U.S. Highway 85 and Wyoming Highway 313 in Goshen County, Wyoming. At approximately 10:00 p.m. on the evening of November 17, 2021, Emma Nelson and Korey Bowers (hereinafter "the Decedents") were traveling northbound on U.S. Highway 85 in Ms. Nelson's Ford Taurus. At the time, Mr. Bowers was operating the vehicle as they were returning to La Grange, Wyoming after an evening out. Ms. Nelson was seated in the passenger seat. Also traveling northbound on this two lane highway was a tractor-trailer owned by Transco, Inc. and being operated by Conan Ferguson. Mr. Ferguson was accompanied at the time by a co-driver, Manos Zouridakis, who was sleeping in the tractor's sleeper berth.

As the Decedents approached the intersection of Highway 85 and Wyoming Highway 313, Mr. Bowers applied the brakes of the Ford Taurus, brought the vehicle to a stop, and activated the left turn signal. Approaching the rear of Decedents' vehicle, Mr. Ferguson continued driving northbound, expecting the Decedents' vehicle to complete its left turn. As Mr. Ferguson approached the Decedents' vehicle, which had not completed its left turn, so he began to move toward the shoulder in order to give the Decedents' vehicle wide berth to complete its left turn. Unfortunately, and unexpectedly, just before Mr. Ferguson came up to Decedents' vehicle, Mr. Bowers suddenly turned right rather than left. Mr. Ferguson struck the Decedent's vehicle, which was traveling at highway speed, in a broadside manner. Tragically, both Mr. Bowers and Ms. Nelson died as a result of injuries sustained in the collision.

On July 29, 2022, Plaintiffs filed a *Complaint* in the United States District Court for the District of Wyoming alleging negligence on the part of Mr. Ferguson, Mr. Zouridakis,

Tranco, Inc. and McLane. *See generally Plfs.' Cmpl.* [CM/ECF Doc. No. 1]. As it pertains to Mr. Zouridakis, Plaintiffs alleged he was negligent by being asleep in the sleeper berth of the tractor instead of sitting in the passenger seat helping Mr. Ferguson watch the road ahead. *Id.* at ¶ 30. Defendants Mr. Ferguson, McLane, and Transco subsequently filed their *Answers* to Plaintiffs' *Complaint* on September 13, 2022 and admitted Mr. Zouridakis was asleep in the sleeper compartment at the time of the subject collision.

## II.  STANDARD OF REVEIW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000). Under FED. R. CIV. P. 12(b)(6), a court shall dismiss a complaint when the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility requires the complaint to establish more than a mere possibility that the defendant acted unlawfully but less than a probability that the defendant so acted. *Id.*

To assess a complaint under a Rule 12(b)(6) motion to dismiss, Courts assume the veracity of well-pleaded factual allegations and "determine whether such facts plausibly give rise to an entitlement to relief." *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In keeping with these principles, SCOTUS developed a two-step approach to analyzing Rule 12(b)(6) motions to dismiss. First, Courts identify pleadings that are bare legal conclusions and, therefore, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, Courts consider "the well-pleaded, non-conclusory factual allegation[s]," absent the legal conclusions, to determine whether facial plausibility exists. *Id.* at 680.

### III.   ARGUMENT

In their eighteen page *Complaint*, Plaintiff only mentions Mr. Zouridakis on five separate instances. The specific factual allegations provide as follows:

> 4. Manos Zouridakis is a citizen and resident of Longmont, Colorado. At the time of this crash, he was a co-driver, riding in the course and scope of his agency and employment with TRANSCO and its parent corporation, MCLANE.

*****

> 15. On the night of November 17, 2021, FERGUSON was driving with a trainee, ZOURIDAKIS, also an employee and agent of TRANSCO. Both FERGUSON and ZOURIDAKIS were was acting in the course and scope of their agency and employment with TRANSCO at the time of this catastrophic crash.

*****

> 30. ZOURIDAKIS was in the sleeper berth of the tractor, asleep. He was doing nothing to help FERGUSON watch the road ahead.

*****

> 54. The collision was proximately caused by the negligence of Defendant ZOURIDAKIS, acting in the course and scope of his employment, by him not staying awake to help FERGUSON watch the road ahead of him, make prudent decisions, and remind FERGUSON to follow the rules of the road as set forth above.
>
> \*\*\*\*\*
>
> 55. TRANSCO and MCLANE are vicariously liable for the recklessness and negligence of FERGUSON and ZOURIDAKIS.

*Plfs.' Cmpl.* [CM/ECF Doc. No. 30] at ¶¶ 4, 15, 30, 54, and 55 (emphasis in original).

As set forth in the their *Complaint*, the thrust of Plaintiffs' claim against Mr. Zouridakis is that he breached a duty of care by being asleep in the sleeper compartment of the Transco unit. *Id.* at ¶¶ 30, 54. According to Plaintiffs, he owed a duty of care to Mr. Bowers and Ms. Nelson to remain awake and assist Mr. Ferguson. *See id.* at ¶ 54. Apparently, he was to watch the road, make prudent decisions, and remind Mr. Ferguson to follow the rules. *See id.* By failing to do, Plaintiffs assert Mr. Zouridakis was negligent. By advancing this theory of liability against Ms. Zouridakis, Plaintiffs misunderstand or misconstrue Wyoming law.

Contrary to the allegations in Plaintiffs' *Complaint*, Mr. Zouridakis had no duty of care to either of the Decedents. While the Plaintiffs need not set forth a *prima facie* case, Plaintiffs' *Complaint* must state a plausible claim for relief and not rest on conclusory and formulaic recitations of the elements. *Nepco Fund II LLC v. DeFelice*, No. 12-CV-246-F, 2013 U.S. Dist. LEXIS 195237, at *6 (D. Wyo. May 30, 2013).

> Under Wyoming law, the elements of negligence are: (1) The defendant owed the plaintiff a duty to conform to a specified standard of care, (2) the defendant breached the duty of care, (3) the defendant's breach of the duty of care proximately caused injury to the plaintiff, and (4) the injury sustained by the plaintiff is compensable by money damages.

*Corsi v. Jensen Farm,* No. 2:12-CV-052-SWS, 2013 U.S. Dist. LEXIS 189159, at *8 (D. Wyo. Oct. 11, 2013)(quoting *Lucero v. Holbrook*, 288 P.3d 1228, 1232 (Wyo. 2012)).

In this case, everyone agrees Mr. Ferguson and Mr. Zouridakis were working in tandem as "team drivers" or "co-drivers." Within the transportation industry, "team driving" is when two drivers drive the same truck and take shifts driving the vehicle. As this Court well knows, truck drivers operating in an over-the-road capacity are subject to Hours-of Service Regulations as codified at 49 CFR 395. 49 CFR 395.3 provides that "[a] driver may drive a total of eleven hours during the period specified in paragraph (a)(2) of this section." *Id.* While one driver is operating the vehicle, the other is required by law to rest in the sleeper. The Federal Motor Carrier Safety Administration (hereinafter "FMCSA") has summarized these regulations to explain:

> Drivers may split their required 10-hour off-duty period, as long as one off-duty period (whether in or out of the sleeper berth) is at least 2 hours long and the other involves at least 7 consecutive hours spent in the sleeper berth.

FMCSA, *Summary of Hours of Service Regulations*, (Mar. 28, 2022), https://www.fmcsa.dot.gov/regulations/hours-service/summary-hours-service-regulations. The caveat to this, of course, is that if a co-driver is riding in the passenger seat, he or she must designate his or her status as "On-Duty (not driving)." FMCSA, *What is the duty status of a co-driver who is riding seated next to the truck driver?*, (May 4, 1997), https://www.fmcsa.dot.gov/regulations/hours-service/what-duty-status-co-driver-who-riding-seated-next-truck-driver.

Other applicable Federal Motor Carrier Safety Regulations define 'on-duty time' as "all time a driver begins to work or is required to be in readiness to work until the time the driver

is relieved from work and all responsibility for performing work." 49 C.F.R. § 395.2. However, this regulation also specifically excludes time spent in the sleeper berth from the definition of "on-duty time," implying that time spent in the sleeper berth is time in which "the driver is relieved from work and all responsibility for performing work." *Id*

Applied here, Mr. Zouridakis, who was asleep in the sleeper compartment, could not breach any duty of care. No such duty of care existed. Instead, he was doing exactly what he was supposed to doing in order to satisfy the federal regulations upon him as a commercial driver who was resting in the sleeper berth. Simply stated, Plaintiffs' attempt to analogize the duties and obligations of a commercial driver with those of an airline pilot are of not moment.

While the Wyoming Supreme Court has never addressed the precise question, there is nothing in the law imposing a duty of care on a passenger in a vehicle driven by another to control the driver or otherwise prevent him or her from driving negligently. In fact, the little precedent that does exist suggests that no such duty would be imposed absent control in Wyoming. *See Palmeno v. Cashen*, 627 P.2d 163, 166 (Wyo. 1981)(stating the "imputation of a driver's negligence will not occur unless the passenger had actual control over the vehicle at the time of the accident"); *also see Hume v. Mankus*, 401 P.2d 703, 705 (Wyo. 1965)(concluding "where it appears that . . . the driver . . . was in physical and actual possession of the vehicle directing it as he desired without instruction or suggestion from anyone, the doctrine of imputed negligence under the theory of joint adventure cannot have any application").

Considering the duty of a passenger riding in motor vehicle in a diversity action, Judge Johnson poignantly wrote:

> To state a claim against the defendant-passengers, the complaint must allege facts sufficient to show the passengers encouraged Jose Juarez' actions and gave him substantial assistance in committing the tort which resulted in the cross-claimants' injury. *Sloan v. Fauque,* 239 Mont. 383, 784 P.2d 895, 896–97 (1989). Here, the cross-claimants' allegations, which are set out in the preceding portions of this Order, do not set forth any factual allegations from which it could reasonably be inferred that the passengers in the Juarez vehicle either encouraged the actions of Jose Juarez or gave him substantial assistance in committing the alleged tort.
>
> This disposition is in accord with the majority of courts that have considered this issue. Most courts hold that, absent ownership or other legal control over the vehicle or a special relationship with the driver, a passenger in a vehicle operated by an intoxicated driver owes no legal duty to third parties to control, stop or prevent the driver from operating the vehicle, even if he is aware that the driver is intoxicated.

*Mountain West Farm Bureau Mut. Ins. Co. v. Hunt*, 82 F. Supp. 2d 1261, 1265 (D. Wyo. 2000)(internal citations omitted).

Surveying the law in other jurisdictions as to the duty of a passenger in that same opinion, Judge Johnson observed as follows:

> Numerous examples are available to demonstrate this principle. The Kansas Supreme Court stated in *Akins v. Hamblin,* 237 Kan. 742, 703 P.2d 771 (1985):
>
>> Kansas courts have recognized that a passenger owes a duty to exercise that care which a reasonably careful person would use for his own protection under the existing circumstances. *McGlothlin v. Wiles,* 207 Kan. 718, Syl. ¶ 1, 487 P.2d 533 (1971). It has never been recognized in Kansas that a passenger owes any duty to other passengers or third parties unless the passenger and driver were involved in a joint enterprise or the passenger and driver had a special relationship which created some duty. This is the general rule followed in almost all jurisdictions.
>
> *Akins v. Hamblin,* 703 P.2d at 773.

> Other courts are in accord. See e.g., *Lombardo v. Hoag,* 269 N.J.Super. 36, 634 A.2d 550, 559 (1993)("the negligence of the operator of an automobile is not chargeable to a passenger who has no control over the car"); *Dennison v. Klotz,* 12 Conn.App. 570, 532 A.2d 1311 (1987)("we hold that in the absence of an allegation of facts showing a special relationship between the parties or between the defendant and the driver, or in the absence of an allegation of facts showing that the driver and the defendant were engaged in a joint enterprise, in action by a defendant passenger does not give rise to liability to a fellow passenger or other third party injured by the driver's conduct."); *Olson v. Ische,* 343 N.W.2d 284 (Minn.1984)("passenger has no duty to members of the public to control the operation of a motor vehicle by its intoxicated owner, where, ... there is no special relationship between the driver-owner and the passenger"); *Fugate v. Galvin,* 84 Ill.App.3d 573, 40 Ill.Dec. 318, 406 N.E.2d 19 (1980); *Stock v. Fife,* 13 Mass.App.Ct. 75, 430 N.E.2d 845 (1982); *Welc v. Porter,* 450 Pa.Super. 112, 675 A.2d 334 (1996)(minor passenger in a vehicle did not owe duty to third person or other passengers to protect from negligent acts of the driver, absent existence of a special relationship, joint enterprise, joint venture or right to control the vehicle). The clear weight of authority compels the conclusion that the passengers in Juan Juarez' vehicle did not owe a duty to third persons.

*Id.* at 1265-66.

Here, there is little doubt that if presented the question, the Wyoming Supreme Court would join the majority of jurisdictions by holding that absent some element of control over the vehicle or due to some type of special relationship, a passenger of a motor vehicles owes no duty of care to third parties. In our case, Plaintiffs do not allege the existence of any type of special relationship amongst the Defendants such as a joint enterprise, nor does the *Complaint* allege Mr. Zouridakis had any control over the Transco unit at the time of the subject collision. Instead, Plaintiffs' *Complaint* merely alleges Mr. Zouridakis was resting in the sleeper compartment at the time of the subject collision, which is allowed under the law and/or applicable regulations. *See Plfs.' Cmpl.* at ¶¶ 30, 54.

There is no heightened duty of care for a commercial driver when he or she is in the sleeper berth or riding as a passenger. In a case similar to the one before the Court, the United States District Court for the District of Nevada granted a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Powell v. Texvans, Inc.*, No. 2:09-cv-1079-LDG (GWF), 2010 WL 11579613 (D. Nev. March 4, 2010). The *Powell* case entailed an action for negligence against several people involved in a fatal car accident. *Id.* at *1. The accident occurred when an eighteen wheeler collided with a vehicle being driven by the Plaintiffs' decedent. *Id.* at *2. At the time of the accident, the defendant at issue was not driving the eighteen-wheeler; rather, he was merely a "co-driver" riding in the passenger seat. *Id.* The Court granted the defendant's Rule 12(b)(6) motion to dismiss, holding that the defendant at issue owed no duty to the Plaintiffs' decedent. *Id.* In so doing, the *Powell* Court noted:

> The plaintiffs, however, have not offered any citation to any decision or statute suggesting that a "co-driver" of a vehicle who is not operating the vehicle is anything more than a passenger of the vehicle. As the plaintiffs have alleged facts establishing that Tala was not operating the vehicle, and as they have offered no basis to conclude that a passenger in the tractor-trailer can be held liable for the alleged negligence, the court will grant Tala's motion to dismiss for failure to state a claim.

*Id.* (emphasis in original).

More recently, Judge Johnson granted dismissal to a co-driver who was actually seated in the passenger seat at the time of a fatal collision. *See Bakunduwukomeye v. Geodyne, LLC d/b/a Geodyne Transport, et al.*, ORDER GRANTING DEFENDANT HARWINDER SINGH'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [CM/ECF Doc. No. 63], Oct. 8, 2020. There, Judge Johnson reasoned Plaintiff's allegations that the defendant co-driver was liable

simply because he was present and on-duty at the time of the collision did not meet the *Iqbal* standard. *Id.* at pp. 6-7.

The same rationale applies here. Through their *Compliant*, Plaintiffs have merely established Mr. Zouridakis was present at the scene and asleep in the tractor's sleeper compartment at the time of the fatal collision. Absent are any allegations that Mr. Zouridakis had control over the Transco unit in the moments before the fatal collision or that some type of special relationship existed. Without those essential facts, Plaintiffs' *Complaint* does not satisfy the *Iqbal/Twombly* standard.

By failing to allege any facts that could give rise to a reasonable inference that Mr. Zouridakis owed a duty to the Decedents, or that he breached any such duty, Plaintiffs have no plausible means to recovery against him. As the Wyoming Supreme Court has often stated, "the existence of a duty is a question of law, making an absence of duty the surest route to [the grant of a dispositive motion] in negligence actions." *Erpelding v. Lisek,* 2003 WY 80, ¶ 13, 71 P.3d 754, 757 (Wyo. 2003) (quoting *Daily v. Bone,* 906 P.2d 1039, 1043 (Wyo. 1995)). Accordingly, this Court should dismiss Plaintiffs' claims against Mr. Zouridakis and/or grant him judgment on the pleading pursuant to Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE.

### IV.   CONCLUSION

Because Plaintiffs have only established Mr. Zouridakis was asleep in the sleeper compartment at the time of the subject accident, their *Complaint* does not provide sufficient facts to infer Mr. Zouridakis had a duty of care or that he breached any duty. Without having any legal duty to the Decedents, Plaintiffs' claims against Mr. Zouridakis lack plausibility and the Court should dismiss against him pursuant to FED. R. CIV. P. 12(b)(6).

Dated this 15th day of November, 2022.

                    MANOS ZOURIDAKIS,

                    Defendant.

                    /s/ David E. Shields
                    Scott E. Ortiz, Wyo. Bar #5-2550
                    David E. Shields, Wyo. Bar #7-4718
                    Williams, Porter, Day & Neville, P.C.
                    P.O. Box 10700
                    159 North Wolcott, Suite 400
                    Casper, Wyoming 82602
                    Telephone: (307) 265-0700
                    Facsimile: (307) 266-2306
                    Email: sortiz@wpdn.net
                            dshields@wpdn.net

                    Attorneys for Defendant Manos Zouridakis

## CERTIFICATE OF SERVICE

The undersigned does hereby certify a true and correct copy of the foregoing document was served upon counsel this 15th day of November, 2022.

| | |
|---|---|
| Maren L. Chaloupka<br>CHALOUPKA, L.L.C.<br>1906 Broadway<br>P.O. Box 1724<br>Scottsbluff, NE 69363-1724<br>(308) 270-5091 (Phone)<br>mlc@chaloupkalaw.net | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |
| Wendy C. Palen<br>PALEN LAW OFFICES, LLP<br>P.O. Box 156<br>Glendo, WY 82213<br>(307) 735-4022 (Phone)<br>palenlaw@gmail.com | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |

Attorneys for Plaintiffs Mark and Tressa Nelson

| | |
|---|---|
| Michael Chaloupka<br>Rebecca J. Fisher<br>T. Thomas Metier<br>METIER LAW FIRM, LLC<br>4828 S. College Avenue<br>Fort Collins, CO 80525<br>mike@metierlaw.com<br>becca@metierlaw.com<br>tom@metierlaw.com | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |

Attorneys for Kyle and Christina Bowers

/s/ David E. Shields
David E. Shields